UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL FELIX, JR., ) | Case No. CV 11-7713-JHN (RNB) |
|       Petitioner, ) | |
| ) | ORDER TO SHOW CAUSE |
| vs. ) | |
| ) | |
| MATTHEW CATE, Secretary, ) | |
|       Respondent. ) | |

On September 16, 2011, petitioner (through counsel) filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. However, it appeared from the face of the Petition that petitioner had not exhausted his state remedies with respect to three of his four grounds for relief. Specifically, it appeared that Grounds Two through Four had been presented for the first time in a habeas petition to the California Supreme Court that still remained pending. Therefore, petitioner's inclusion of Grounds Two through Four in the Petition rendered the Petition a "mixed petition" containing both exhausted and unexhausted claims that was subject to dismissal under the total exhaustion rule of Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) unless petitioner could make the requisite showing for stay-and-abeyance under Rhines v. Weber, 544 U.S. 269, 277-78, 125

S. Ct. 1528, 161 L. Ed. 2d 440 (2005).[1]

Accordingly, on September 22, 2011, the Court issued an Order requiring petitioner to either (a) file a formal stay-and-abeyance motion if he believed he can make the requisite showings; or (b) show cause in writing, if any he had, why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.

In response to the foregoing Order, petitioner has now filed a document captioned "Motion for Stay and Abeyance of Mixed Habeas Petition and/or Other Appropriate Relief." Prior to ruling on petitioner's stay-and-abeyance motion, the Court has decided to afford respondent the opportunity to be heard in response.

It therefore is hereby ORDERED as follows:

1. The Clerk of this Court shall promptly (a) serve copies of the Petition (including all attachments), the Court's September 22, 2011 Order to Show Cause, petitioner's stay-and-abeyance motion, and this Order on respondent and the Attorney General for the State of California, or her authorized agent; and (b) serve a copy of this Order on petitioner.

2. Within fourteen (14) days of the service of this Order, respondent shall e-file and serve a Notice of Appearance that designates the Deputy Attorney General(s) in charge of the case.

3. Within twenty-eight (28) days of the service of this Order, respondent shall serve and file either opposition or a statement of non-opposition to petitioner's stay-and-abeyance motion.

---

[1] Although petitioner had requested in the "Conclusion" section of the Petition that the Court "stay its action on this petition with [sic] such time as the California Supreme Court has taken final action on the federal claims raised by the state habeas petition," he had not even purported to make the three necessary showings under Rhines.

4. If respondent files opposition to his stay-and-abeyance request, then petitioner shall serve and file his reply (if any) thereto within twenty-eight (28) days of service of the opposition. If respondent files a statement of non-opposition, the Court will issue another Order re Further Proceedings.

DATED: October 13, 2011

*[signature]*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE